MORGAN *v.* LARSH.

## Morgan v. Larsh.

1. PRACTICE : *Records for Supreme Court.* The court reflects upon the habit of inserting in the transcripts of the proceedings in the District Court, papers filed therein upon which no question is made, because the same unnecessarily incumber and burden the records of the Supreme Court.

2. ——: *Objections to testimony* must be stated at the time the same is offered, or they will be disregarded in this court.

3. LIABILITY OF OFFICERS : A Probate Judge issuing an attachment and a sheriff executing it, are not liable for the taking and conversion of property thereon if they have acted in good faith.

On the 19th day of May, 1868, Morgan sued Larsh, Hail who was sheriff, and Dickey, who was probate judge of Otoe county, together with their sureties on their official bonds, in the District Court of that county.

The action, as stated in the petition, was for damages for the taking by Larsh, Hail and Dickey, of the plaintiff's horse, and converting it to their own use. The transcript filed here contains the precipe, and the summons with its endorsement. On the 15th day of June, 1868, Larsh, Dickey and Hail answered, and their sureties demurred to the petition.

The demurrer was sustained by the court, and the plaintiff had leave to file an amended petition. This he did on the 23d of July, 1868. In this pleading the plaintiff, besides the usual allegations in such cases, stated that Hail took the horse under color of a pretended writ of attachment, issued by Dickey, which he had no authority to issue, and which was void on its face. The defendants, who were the official sureties, moved to strike this amended petition, but the record does not clearly show what action the court took on the motion.

On the 10th day of August, 1868, the sureties demurred to the amended petition, and on the 14th day of August

the other defendants filed their separate answers. On the 25th of September the court sustained the demurrer, and the sureties of both the sheriff and the judge were dismissed out of court with their costs. On the 25th of October, 1868, the plaintiff filed his reply to the answers. On the 9th day of January, 1869, a trial was had which resulted in a verdict for the plaintiff, and on the same day a motion for a new trial was filed. This motion was sustained by the court and a new trial ordered, which took place at the March term, 1869, and resulted in a verdict and judgment for the plaintiff. A bill of exceptions was filed. The errors complained of, consist mostly of rulings of the court upon the the admission and rejection of evidence, but the grounds of objection are not stated.

It appears, from the bill, that the plaintiff in this suit was indebted to Larsh, and resided in Seward county, nearly one hundred miles from Nebraska city. That he came to this place with his horses and wagon to purchase provisions, when Larsh sued him in attachment before Dickey as probate judge of Otoe county. Dickey issued the writ and Hail, who was sheriff of the county, served it by taking the horse. In his affidavit for the attachment, Larsh swore that Morgan lived in Seward county, and had a horse in Otoe county which he was about to remove therefrom in order to place it beyond Larsh's reach as his creditor, and to hinder delay and defraud his creditors. The affidavit, writ and other proceedings were regular in form, and there was no evidence showing that the officers did not act fairly in the usual discharge of their duty. The charge of the court is stated in the opinion.

The defendant brought this petition in error to reverse the judgment.

MORGAN v. LARSH.

I. N. Shambaugh and C. W. Seymour, for plaintiff in error.

T. B. Stevenson, for defendant in error.

LAKE, J.

The record in this case is unnecessarily cumbrous. At least three-fourths of it is of no possible use, and should have been left out. The issues tried in the District Court were formed by an amended petition, answer and reply. No errors are alleged before issue joined ; consequently the original petition, motion, demurrers and answer thereto, are useless for any conceivable purpose, and yet we find them all copied at full length here. So, too, of the record of the first trial. We have here the motion for a new trial which was granted, covering five or six pages, but no question is presented for the consideration of this court upon which it can have the least bearing. It is not only entirely useless, but does positive injury, and makes the examination of the case exceedingly tedious. I would suggest greater care in this respect, that the records of this court may not be burdened unreasonably.

A great many errors are alleged in the admissions and rejection of testimony. But we cannot regard them, for the reason that no ground of objection is stated. Where an objection is made to the admission or rejection of testimony the reason should be given.

But there was no evidence in the case to support a judgment against the defendants, Dickey and Hail. The record shows that Dickey, as probate judge, issued an order of attachment in a case brought before him by the defendant Larsh, of which he had jurisdiction. Hail, as sheriff, executed the order by taking the plaintiff's horse, which is the subject of this action. Both Dickey and Hail acted in good

MORGAN v. LARSH.

faith, and if there was any fault anywhere it was on the part of Larsh alone, in sueing out the order.

The instruction given by the court to the jury was erroneous. The jury were told that "if the evidence satisfied them that the defendants took the plaintiff's horse, they should find for the plaintiff the value of the horse as shown by the evidence." Now this implied that there was evidence before the jury, from which they might find that the defendants, Dickey and Hail, had wrongfully taken and converted the plaintiff's horse. But there was no testimony which even tended to prove this fact. Again, the defendants, Dickey and Hail, requested the court to instruct the jury in substance that there was no evidence which would warrant a verdict against them. This was refused, and in this refusal there was error prejudicial to the defendants, Dickey and Hail. The instruction should have been given as prayed. For these reasons the judgment of the District Court must be reversed, and a trial *de novo* awarded.

Reversed and remanded.